IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
_____
                                :
TROY JOHNSON,                   :   CIVIL ACTION
          Petitioner,           :
                                :
     v.                         :   NO. 02-2701
                                :
CONNER BLAINE, SUPERINTENDENT,  :
and THE DISTRICT ATTORNEY OF    :
THE CITY OF PHILADELPHIA, and   :
THE ATTORNEY GENERAL OF THE     :
COMMONWEALTH OF PENNSYLVANIA,   :
          Respondents.          :
_____ :
```

### ORDER

AND NOW, this      day of           , 2003, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and after review of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport, IT IS HEREBY ORDERED that:

    1.   the Report and Recommendation is APPROVED and ADOPTED;

    2.   the Petition for Writ of Habeas Corpus is DENIED and DISMISSED;

    3.   there is no probable cause to issue a certificate of appealability.

                                      BY THE COURT:

                                      _____
                                      SHAPIRO, NORMA L., J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
_____
                                     :
TROY JOHNSON,                        :    CIVIL ACTION
            Petitioner,              :
                                     :
        v.                           :    NO. 02-2701
                                     :
CONNER BLAINE, SUPERINTENDENT,       :
and THE DISTRICT ATTORNEY OF         :
THE CITY OF PHILADELPHIA, and        :
THE ATTORNEY GENERAL OF THE          :
COMMONWEALTH OF PENNSYLVANIA,        :
            Respondents.             :
_____:
```

ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION**

Presently before the Court is a <u>pro se</u> Petition for Writ of Habeas Corpus filed by the Petitioner, Troy Johnson ("Petitioner"), pursuant to 28 U.S.C. section 2254. The Petitioner is currently incarcerated in the State Correctional Institution Greene located in Waynesburg, Pennsylvania. For the reasons that follow, it is recommended that this Petition be denied and dismissed without an evidentiary hearing.

I.      **PROCEDURAL HISTORY**.[1]

On May 8, 1995, after Petitioner waived his right to a jury trial and after a bench trial before the Honorable Ricardo Jackson, he was convicted of two counts each of the following

---

[1] This information is taken from the Petition for Writ of Habeas Corpus and the Response thereto.

1

crimes: aggravated assault, possessing an instrument of crime ("PIC"), recklessly endangering another person, terroristic threats, simple assault, and criminal conspiracy.  In addition, Petitioner was convicted of four counts of violation of the Uniform Firearms Act.  Judge Jackson sentenced Petitioner on August 9, 1995 to an aggregate term of seventeen and one-half to thirty-five years' imprisonment.  Petitioner's post-sentence motions were also denied by Judge Jackson.

Petitioner filed a Notice of Appeal with the Superior Court of Pennsylvania on August 14, 1995, and the Superior Court affirmed the judgment of sentence in an unpublished opinion on November 12, 1996.  (Resp., Ex. A; Commonwealth v. Johnson, 688 A.2d 1227 (Pa. Super. 1996).)  Petitioner's allocatur petition was denied on August 21, 1997 by the Pennsylvania Supreme Court. See Commonwealth v. Johnson, 699 A.2d 734 (Pa. 1997)(Table). Petitioner's convictions became final on November 21, 1997, when the ninety day period to seek certiorari with the United States Supreme Court expired.

On June 4, 1996, petitioner filed a pro se petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"). See 42 Pa. C.S.A. § 9541.  On June 17, 1996, the Honorable Genece Brinkley dismissed the petition without prejudice due to a pending Superior Court appeal.

Petitioner filed a second PCRA petition on April 4,

1997.  Counsel was appointed to represent petitioner and filed an amended petition on petitioner's behalf.  On April 30, 1997, the Honorable Barbara Joseph denied relief.  Petitioner filed a Notice of Appeal with the Pennsylvania Superior Court on May 27, 1999, and on February 22, 2001, the Superior Court affirmed the PCRA court's decision denying relief, finding that all of petitioner's claims were waived because the underlying claims had been previously litigated on direct appeal and were therefore barred under the PCRA.  (Resp., Ex. B; Commonwealth v. Johnson, 776 A.2d 1006 (Pa. Super. 2001).)  The Supreme Court of Pennsylvania denied petitioner's petition for allowance of appeal on February 10, 2001.  See Commonwealth v. Johnson, 796 A.2d 979 (Pa. 2001) (Table).

　　　　On March 13, 2002, Petitioner filed the instant pro se Petition for Writ of Habeas Corpus in the United States District Court for the Western District of Pennsylvania.  On May 6, 2002, the Western District Court transferred the action to this Court.  Respondents contend that this Petition is time-barred and Petitioner offers no credible evidence that would compel an equitable tolling of the statute of limitations.

**II.     DISCUSSION**.

　　　　Petitioner's case must be decided pursuant to the terms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted April 24, 1996.  Pub.L. 104-132, 110 Stat.

3

1214. Section 104(2) of the AEDPA amended 42 U.S.C. section 2254, the statute under which this Petition was filed, requires that federal courts give greater deference to a state court's legal determinations. The AEDPA also amended 28 U.S.C. section 2244 to require that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If direct review of a criminal conviction ended prior to the AEDPA's effective date, a prisoner has one year subsequent to the April 24, 1996 effective date to properly file a habeas action. <u>Burns v. Morton</u>, 134 F.3d 109,

111 (3d Cir. 1998).

There is an exception in the statute, however, for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this case, Petitioner's convictions became final on November 21, 1997, after the enactment of the AEDPA. Thus, under the AEDPA, Petitioner would have one year from the date his convictions became final, or until November 20, 1998, to file a timely federal petition for writ of habeas corpus. Petitioner filed a timely PCRA petition on April 4, 1997, which tolled the statute of limitations period from that date until February 10, 2001, after the Pennsylvania Supreme Court denied his petition for allocatur. Petitioner then had one year from February 10, 2001 to file his federal habeas petition. The instant Petition was filed March 13, 2002, approximately one month too late.[2]

One opportunity for relief from the time-bar may remain

---

[2] Because the June 4, 1996 PCRA petition was dismissed on June 17, 1996 without prejudice by the PCRA court due to the pending Superior Court appeal, it was not "properly filed" and therefore not included in the AEDPA one-year tolling period. However, even if the thirteen-day period during which that petition was pending counts toward tolling the one-year AEDPA limitations period, the instant Petition is still time-barred by approximately two weeks.

for Petitioner, however, because the statute of limitations in the AEDPA is subject to equitable tolling. Robinson v. Johnson, No. 00-1979, 2002 WL 31546341, at *4 (3d Cir. Nov. 18, 2002)(citing Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617-618 (3d Cir. 1998)(citation omitted)). "[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" Miller, 145 F.3d at 618 (quoting Shendock v. Dir., Ofc. of Workers' Comp. Programs, 893 F.2d 1458, 1462 (3d Cir.)(en banc), cert. denied, 498 U.S. 826 (1990)). The Petitioner "must show that he . . . 'exercised reasonable diligence in investigating and bringing [his] claims.' Mere excusable neglect is not sufficient." Id. (quoting New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997) and citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). The United States Court of Appeals for the Third Circuit has set forth the following three circumstances in which equitable tolling is permitted: (1) if the [Respondent] has actively misled the [Petitioner]; (2) if the [Petitioner] has in some extraordinary way been prevented from asserting his rights, or (3) if the [Petitioner] has timely asserted his rights mistakenly in the wrong forum. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001)(citing Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)(citations omitted)).

6

Petitioner provides no reason for his one-month delay in filing the instant Petition, therefore equitable tolling is unavailable to Petitioner.  Davis v. Varner, No. CIV.A.00-4349, 2001 WL 1417462, at *4-*5 (E.D. Pa. Nov. 8, 2001)(finding no equitable tolling where petitioner claimed he was prevented from filing timely habeas petition due to riot at correctional facility resulting in destruction of personal property and court records, non-receipt of replacement copy of post-conviction petition, and housing in restrictive unit without access to law library or legal assistant from 1989 until 1992)(citing New Castle County, 111 F.3d at 1126 (finding no equitable tolling where petitioner waited months to file habeas petition after end of alleged tolling event) and Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999)(same)).  Because Petitioner fails to provide any reason for his delay, equitable tolling does not apply in this case.

Therefore, I make the following:

**RECOMMENDATION**

AND NOW, this        day of February, 2003, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. section 2254 be DENIED and DISMISSED.  There is no probable cause to issue a certificate of appealability.

BY THE COURT:


_____
ARNOLD C. RAPOPORT
United States Magistrate Judge