IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY JOHNSON, | : | CIVIL ACTION |
|        Petitioner, | : | |
| | : | |
|     v. | : | NO. 02-2701 |
| | : | |
| CONNER BLAINE, SUPERINTENDENT, | : | |
| and THE DISTRICT ATTORNEY OF | : | |
| THE CITY OF PHILADELPHIA, and | : | |
| THE ATTORNEY GENERAL OF THE | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
|        Respondents. | : | |

ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION**

      Presently before the Court are the pro se Petition for Writ of Habeas Corpus and Motion to Recuse filed by the Petitioner, Troy Johnson ("Petitioner"), pursuant to 28 U.S.C. section 2254.  The Petitioner is currently incarcerated in the State Correctional Institution Greene located in Waynesburg, Pennsylvania.  This Court previously issued a Report and Recommendation on February 13, 2003, recommending that this case should be dismissed as time-barred.  On February 21, 2003, however, this Court vacated that Report and Recommendation after realizing that one of the dates with respect to Petitioner's PCRA filings was incorrect.  Consequently, this Court ordered the Respondents to file a Response based on the merits of the Petition.

1

On February 28, 2003, Petitioner filed objections to the Report and Recommendation along with a Motion to Recuse. For the reasons that follow, it is recommended that the Motion to Recuse should be denied, and the Petition should be denied and dismissed without an evidentiary hearing.

I.  **PROCEDURAL HISTORY**.[1]

On May 8, 1995, after Petitioner waived his right to a jury trial and after a bench trial before the Honorable Ricardo Jackson, he was convicted of two counts each of the following crimes: aggravated assault, possessing an instrument of crime ("PIC"), recklessly endangering another person, terroristic threats, simple assault, and criminal conspiracy. In addition, Petitioner was convicted of four counts of violation of the Uniform Firearms Act. Judge Jackson sentenced Petitioner on August 9, 1995 to an aggregate term of seventeen and one-half to thirty-five years' imprisonment. Petitioner's post-sentence motions were also denied by Judge Jackson.

Petitioner filed a Notice of Appeal with the Superior Court of Pennsylvania on August 14, 1995, and the Superior Court affirmed the judgment of sentence in an unpublished opinion on November 12, 1996. Br. in Supp. Pet., Ex. D; Resp., Ex. A; Commonwealth v. Johnson, 688 A.2d 1227 (Pa. Super. 1996). Petitioner's allocatur petition was denied on August 21, 1997 by

---

[1]This information is taken from the Petition for Writ of Habeas Corpus and the Response thereto.

the Pennsylvania Supreme Court.  See Commonwealth v. Johnson, 699 A.2d 734 (Pa. 1997)(Table).  Petitioner's convictions became final on November 21, 1997, when the ninety day period to seek certiorari with the United States Supreme Court expired.

On June 4, 1996, petitioner filed a pro se petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA").  See 42 Pa. C.S.A. § 9541.  On June 17, 1996, the Honorable Genece Brinkley dismissed the petition without prejudice due to a pending Superior Court appeal.

Petitioner filed a second PCRA petition on April 4, 1997.  Counsel was appointed to represent petitioner and filed an amended petition on petitioner's behalf.  On April 30, 1999, the Honorable Barbara Joseph denied relief.  Petitioner filed a Notice of Appeal with the Pennsylvania Superior Court on May 27, 1999, and on February 22, 2001, that court affirmed the PCRA court's decision denying relief, finding that all of petitioner's claims were waived because the underlying claims had been previously litigated on direct appeal and were therefore barred under the PCRA.  Br. in Supp. Pet., Ex. F; Resp., Ex. B; Commonwealth v. Johnson, 776 A.2d 1006 (Pa. Super. 2001).  The Supreme Court of Pennsylvania denied petitioner's petition for allowance of appeal on August 10, 2001.  Resp. to Resp. Br., Ex. A; Commonwealth v. Johnson, 796 A.2d 979 (Pa. 2001) (Table).

On March 13, 2002, Petitioner filed the instant pro se Petition for Writ of Habeas Corpus in the United States District

Court for the Western District of Pennsylvania.  On May 6, 2002, the Western District Court transferred the action to this Court.  In his Petition, Petitioner claims that: (1) trial counsel was ineffective for failing to request a continuance upon the Commonwealth's request to present an identification witness ("Burley") it allegedly orally agreed not to present; (2) trial counsel was ineffective for failing to pursue and preserve the issue of intoxication as a defense pursuant to 18 Pa. C.S.A. section 308; (3) appellate counsel was ineffective for failing to preserve and pursue trial counsel's ineffectiveness for failing to ask for a continuance before Burley testified; (4) the state court failed to recognize that the Commonwealth committed prosecutorial misconduct by allegedly violating an oral pretrial agreement not to present Burley as a witness; (5) trial counsel was ineffective for failing to request discovery and/or obtain pictures of material evidence found at the crime scene; (6) trial counsel was ineffective for failing to cross-examine Commonwealth witnesses with their prior conviction and "possible bias in making statements against penal interest;" (7) trial counsel was ineffective for failing to impeach the testimony of Commonwealth witnesses who allegedly placed Petitioner in different locations at the same time the alleged crimes took place; (8) trial counsel was ineffective for failing to object to allegedly incorrect information in the presentence investigation report; and (9) trial counsel was ineffective for failing to inform Petitioner

that he had a right to file a motion for reconsideration of sentence.  Pet., p. 7A.  Respondents contend that all of Petitioner's claims are defaulted and/or meritless, and that this Petition should be denied and dismissed without an evidentiary hearing.

**II.        DISCUSSION.**

   **A.      Motion to Recuse.**

Along with his Objections to the Report and Recommendation which was issued by this Court, Petitioner filed a Motion to Recuse, seeking my recusal from consideration of his Petition and requesting transfer to another judge.

Petitioner claims that, based upon my reliance on the Response filed by the District Attorney of Philadelphia County in making my previous Report and Recommendation, I am unfairly biased against him and seeks my recusal.  Although Petitioner does not cite any particular statute upon which he bases his recusal Motion, 28 U.S.C. section 455(a) provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  In addition, 28 U.S.C. section 144 permits a party to petition for recusal of a judge who "has a personal bias or prejudice."  28 U.S.C. § 144.

These provisions are limited by the "extrajudicial

source" doctrine, under which a judge's disqualification is warranted only where the source of the impartiality lies in information gained or opinions developed during conduct outside of the judge's performance of his judicial duties. <u>Liteky v. United States</u>, 510 U.S. 540 (1994). The question under section 455 is whether a reasonable member of the public would question the judge's impartiality. <u>Liljeberg v. Health Services Acquisition Corp.</u>, 486 U.S. 847, 860 (1988)

  Petitioner contends that I am unfairly biased against him, did not review the available record in this case, and did not consider or credit the allegations made in his Petition and supporting documents. However, after realizing an error in the February 13, 2003 Report and Recommendation ("R&R") which negated the recommendation to deny and dismiss the Petition, this Court vacated that R&R and ordered the Respondents to file a Response based on the merits of the Petition. This careful treatment of the Petition cannot be objectively viewed as partial to the Respondents, as Petitioner claims. Rather, this Court, in order not to prejudice Petitioner, realized its mistake and vacated its R&R, treating all parties fairly and equitably. Petitioner fails to make the necessary showing of extrajudicial bias or that my actions revealed such a level of antagonism as to make fair judgment impossible. Accordingly, the Motion to Recuse should be denied.

     **B.     Petitioner's Claims that Trial Counsel Was Ineffective for Failing to Request a Continuance, Appellate Counsel Was Ineffective for Failing to Preserve the Issue, and the State Court Erred By Declining to Find Prosecutorial Misconduct.**

     Petitioner has exhausted his first, third, and fourth claims. Plaintiff's first claim is that trial counsel was ineffective for failing to request a continuance upon the Commonwealth's request to present Mr. Burley, an identification witness it allegedly orally agreed not to present. Br. in Supp. Pet., Ex. B, p. 4. Plaintiff's third claim is that appellate counsel was ineffective for failing to preserve and pursue trial counsel's ineffectiveness for failing to ask for a continuance before Mr. Burley testified. Finally, Plaintiff's fourth claim is that the state court erred by declining to find prosecutorial misconduct in the alleged violation of an oral pretrial agreement not to present Mr. Burley as a witness.

     At Petitioner's preliminary hearing, Mr. Burley testified that he was shot during a struggle while playing video games inside the home of Ronald Scotten, but Mr. Burley was unable to identify Petitioner as one of his assailants both before and at Petitioner's preliminary hearing. Resp., Ex. C; N.T. Prelim. Hearing, 10/24/94, p. 18. As a result of Mr. Burley's testimony indicating that he was unable to identify his assailant(s), the Commonwealth indicated that it would not offer him as a witness at trial. At the time of trial, however, Mr.

Burley indicated that he could identify Petitioner, and he was offered as a Commonwealth witness. Exp. of Tr. Rec., Ex. A; N.T., 4/28/95, p. 4. Petitioner's trial counsel objected on the basis that the Commonwealth had violated an oral agreement to forego Mr. Burley's testimony, but the trial court overruled the objection. Id. at 4-5. Mr. Burley then testified that Petitioner was one of three assailants who entered Mr. Scotten's house, pulled out guns, and began shooting. Id. at 15-16, 19-21, 25. Mr. Burley did not know which of the three men shot him. Id. at 16, 25. During cross-examination, Mr. Burley admitted that he was identifying Petitioner for the first time since he was shot. Id. at 24.

Petitioner claims that trial counsel was ineffective because he failed to ask for a continuance after the trial court overruled his counsel's objection to the introduction of Mr. Burley's testimony as an identifying witness. Under Strickland v. Washington, 466 U.S. 668 (1984), counsel is presumed effective, and to prevail on an ineffectiveness claim, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Given this presumption, a petitioner must first prove that counsel's conduct was so unreasonable that no competent lawyer would have followed it, and that counsel has "made errors so serious that counsel was not functioning as the

8

'counsel' guaranteed . . . by the Sixth Amendment." Strickland, 466 U.S. at 687.  In addition, a petitioner must prove prejudice.  In order to do so, the petitioner must demonstrate that "counsel's errors were so serious as to deprive [petitioner] a fair trial, a trial whose result is reliable." Id.  Thus, a petitioner must show a reasonable probability that, but for counsel's "unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is sufficient to undermine confidence in the outcome." Id. at 694.  Further, "[i]n making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted contrary to law." Id.  Moreover, such determination must be made in light of the "totality of the evidence before the judge or jury." Id. at 695.

The Third Circuit has cautioned that "[o]nly the rare claim of ineffectiveness should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." Beuhl v. Vaughn, 166 F.3d 163, 169 (3d Cir.), cert. denied, 527 U.S. 1050 (1999)(quoting U.S. v. Gray, 878 F.2d 702, 711 (3d Cir. 1989)).  Under the revised habeas statute, such claims can succeed only if the state court's treatment of the ineffectiveness claim is not simply erroneous, but objectively unreasonable as well. Berryman v. Morton, 100 F.3d 1089, 1103

(3d Cir. 1996).

A review of the state court decisions in this case reveals that Petitioner filed a direct appeal in which he claimed that the trial court erred in permitting Mr. Burley's testimony to be admitted, resulting in surprise to counsel and prejudice to petitioner. The Superior Court affirmed the judgments of sentence on November 12, 1996, specifically finding that:

> even if there was a violation of Rule 305, appellant must demonstrate prejudice to be entitled to a new trial. Jones, 668 A.2d 512. Here, after the court granted the Commonwealth's request to present the witness, appellant failed to request any type of relief such as a continuance, which the court would likely have granted pursuant to Rule 305(E) **Remedy**. Since appellant did not request any relief when the witness was introduced, he cannot now claim trial court error. Jones, supra. Accordingly, we find no merit to this claim.

Br. in Supp. Pet., Ex. D, p. 3; Resp., Ex. A, p. 3. Petitioner's PCRA petition was also denied and he filed an appeal from that denial, asserting four issues for appeal, including the following: (1) whether the PCRA court abused its discretion by dismissing appellant's claim that trial counsel was ineffective for failure to request a continuance when the district attorney introduced evidence he had previously agreed not to present; and (2) whether the PCRA court abused its discretion by dismissing appellant's claim that appellate counsel was ineffective for failure to raise the issue of prosecutorial misconduct on appeal.

In its February 22, 2001 decision, the Superior Court stated:

> [a]ll of appellant's claims are essentially based on the lower court's decision to permit Burley's identification testimony. Although appellant asserts different theories than he originally asserted on direct appeal, the fact remains that a decision has already been rendered on this issue; therefore, it cannot be raised again in a PCRA petition.
>
> . . .
>
> This Court addressed appellant's claim that Burley should not have been permitted to testify and found that it lacked merit; therefore, trial counsel cannot be deemed ineffective for failing to request a continuance. If trial counsel was effective, then we cannot find appellate counsel ineffective for failing to raise trial counsel's ineffectiveness, as the claim would also be without merit.

Br. in Supp. Pet., Ex. F, pp. 3, 5; Resp., Ex. B, pp. 3, 5. Here, the majority of Mr. Burley's testimony was known to counsel because he had testified at the preliminary hearing. In addition, both Mr. Burley and Mr. Scotten testified to roughly the same factual events. Therefore, defense counsel was aware of the Commonwealth's version of the events; the only difference was that Mr. Burley was able to identify Petitioner as one of his assailants. Defense counsel vigorously attacked this identification as new and not credible. Defense counsel could not have been any more prepared, especially because this was a bench trial, and Mr. Burley's credibility was discernable to Judge Jackson, the trier of fact. Petitioner does not suggest how a continuance would have made a difference. Moreover, Mr.

11

Burley's testimony was cumulative of that of Mr. Scotten, but was, in fact, less probative because he never identified Petitioner as the person who shot him. The most that Mr. Burley's testimony showed was that Petitioner was in the house at the time he was shot. This fact was already established by Mr. Scotten's testimony.

Because Petitioner has not proven that the Superior Court's holding was contrary to or an unreasonable application of established United States Supreme Court precedent in effect at the time of his trial, his first, third and fourth habeas claims fail and should be denied.

**C.     Petitioner's Remaining Ineffectiveness of Counsel Claims.**

Petitioner makes various other allegations of ineffectiveness of counsel, including the following: trial counsel was ineffective for failing to pursue and preserve the issue of intoxication as a defense pursuant to 18 Pa. C.S.A. section 308; trial counsel was ineffective for failing to request discovery and/or obtain pictures of material evidence found at the crime scene; trial counsel was ineffective for failing to cross-examine Commonwealth witnesses with their prior convictions and "possible bias in making statements against penal interest"; trial counsel was ineffective for failing to impeach the testimony of Commonwealth witnesses who allegedly placed Petitioner in different locations at the same time the alleged

crimes took place; trial counsel was ineffective for failing to object to allegedly incorrect information in the presentence investigation report; and trial counsel was ineffective for failing to inform Petitioner that he had a right to file a motion for reconsideration of sentence.  These claims are unexhausted because none were raised before any state court, and these claims are also procedurally defaulted because any further PCRA petition would be time-barred.  Thus, these claims cannot be examined by this Court.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991) (holding if highest state court has not ruled on the merits of the claims and would not now do so for procedural reasons, the claims are procedurally defaulted); Stewart v. LeGrand, 526 U.S. 115 (1999)(stating where petitioner's claim is procedurally barred from further state-level review, claim is defaulted on federal habeas review); Keller v. Larkins, 251 F.3d 408, 415 (3d Cir.), cert. denied, 534 U.S. 973 (2001); and Holman v. Gillis, 58 F. Supp.2d 587 (E.D. Pa. 1999)(stating survey of Pennsylvania cases shows consistent application of one-year statute of limitations under new PCRA amendments as a procedural bar to all untimely PCRA petitions not falling under one of three statutory exceptions).

  Petitioner has also failed to make any showing of circumstances that might justify an exception to the filing requirement under the PCRA.  See 42 Pa. C.S.A. § 9545(b)(1)(i) (failure to raise claim was result of government interference), §

13

9545(b)(1)(ii)(facts upon which claim is predicated were unknown and unascertainable), and § 9545(b)(1)(iii)(petitioner relies upon retroactively applied constitutional right).  Thus, Petitioner has no available remedies under state law.

Federal courts may review a claim, notwithstanding its procedural default, only where the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice."  Coleman, 501 U.S. at 750.  First, Petitioner does not allege cause and prejudice, therefore the procedural defaults cannot be excused on this basis.  Teague v. Lane, 489 U.S. 288, 298 (1989)(holding that petitioner's failure to allege cause for his default precluded federal habeas review of defaulted claim). Secondly, Petitioner has not shown that he is actually innocent, a requirement of the fundamental miscarriage of justice argument from a failure to consider the defaulted claims.  Schlup v. Delo, 513 U.S. 298, 327 (1995).  Thus, it would be inappropriate for this Court to review any of these claims.  Moreover, because Petitioner does not offer any explanation for his default or allege that the federal courts' failure to consider the claim will result in a fundamental miscarriage of justice, the claim cannot be reviewed by this Court.  See 28 U.S.C. § 2254(b)(1)(B).

Unless Petitioner can demonstrate that the claim relied upon a new constitutional rule retroactive to federal habeas

14

cases or that it's factual predicate "could not have been previously discovered through the exercise of due diligence," an evidentiary hearing is inappropriate. See 28 U.S.C. § 2254(e)(2). Petitioner has not demonstrated either of these requirements, but even if he did, he would have had to prove that, if the facts had been known, no reasonable fact-finder would have found him guilty. Petitioner could not have met this stringent standard given the evidence against him.

Therefore, I make the following:

## RECOMMENDATION

AND NOW, this         day of June, 2003, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. section 2254 should be DENIED and DISMISSED, and the Motion to Recuse should be DENIED. There is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE