IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TROY JOHNSON,** *pro se* | : CIVIL ACTION |
| | : |
| **v.** | : |
| | : |
| **CONNOR BLAINE, Superintendent,** | : |
| **and the DISTRICT ATTORNEY OF THE CITY OF** | : |
| **PHILADELPHIA, and the ATTORNEY GENERAL OF** | : |
| **THE COMMONWEALTH OF PENNSYLVANIA** | : |
| | : **No. 02-2701** |

### ORDER

AND NOW, this 24th day of July, 2003, upon consideration of Petitioner's Brief in Support of Petition for Writ of Habeas Corpus (Paper #12), Response to Petition for Writ of Habeas Corpus (Paper #19), Motion by Petitioner Troy Johnson to Recuse Magistrate Judge Rapoport (Paper #25), Expansions of the Record by Respondents (Papers ## 24 & 28), the Report and Recommendation of Magistrate Judge Rapoport (Paper #29), and Objections to Report and Recommendation Filed by Troy Johnson (Papers ## 30 & 31), and it **APPEARING** that:

A. On May 8, 1995, following a bench trial before the Honorable Ricardo Jackson, petitioner, Troy Johnson ("Johnson"), was convicted of four counts of violating the Uniform Firearms Act and two counts of each of the following offenses: aggravated assault; possessing an instrument of crime; recklessly endangering another person; terroristic threats; simple assault; and, criminal conspiracy. He was sentenced to an aggregate term of seventeen and one-half to thirty-five years of imprisonment. Post-sentence motions were denied and the judgment of sentence was affirmed by the Superior Court of Pennsylvania;

B. Johnson filed this petition for relief, pro se, under 28 U.S.C. § 2254 on March 13, 2002, in the Western District of Pennsylvania; the action was then transferred to this court and referred to Magistrate Judge Arnold C. Rapoport ("Magistrate Judge Rapoport") for a Report and Recommendation. In his petition, Johnson alleges eight instances of ineffective assistance of counsel and claims the state court failed to recognize that the Commonwealth committed prosecutorial misconduct when it violated an oral agreement not to call an identification witness ("Burley") to the stand;

C. In a Report and Recommendation entered February 13, 2003

("February R&R") (Paper #20), Magistrate Judge Rapoport recommended that Johnson's petition be denied as untimely under 28 U.S.C. § 2254(d)(1). After realizing the February R&R contained an error regarding the recommendation that Johnson's petition be dismissed as untimely, Magistrate Judge Rapoport vacated the February R&R, and ordered respondents to file an answer addressing the merits of Johnson's claims (Paper #22). Contending Magistrate Judge Rapoport is unfairly biased because he failed to review the record carefully and erred in his February R&R, Johnson moved to have him recused (Paper #25).

Judge Rapoport issued a second Report and Recommendation, dated June 30, 2003 ("June R&R") (Paper #29); in it, he recommended that the Motion to Recuse be denied and that the petition be denied and dismissed on the merits. Johnson has filed objections (Papers ##30 & 31), and this court is required to make a "de novo determination ... of any portion of the magistrate judge's disposition to which specific written objection has been made." Fed. R. Civ. P. 72;

D. Johnson objects that: 1) the motion to recuse Magistrate Judge Rapoport should be granted because there is "a clear double standard and unfair bias" and 2) the Superior Court's holding that neither trial nor appellate counsels' performance in response to Burley's testimony was ineffective is "contrary to" established United States Supreme Court precedent. See 28 U.S.C. § 2254;

E. This court has reviewed the record and briefs of the parties, considered Johnson's objections, and conducted a de novo review of those portions of the June R&R to which plaintiff objects.

Johnson's objections regarding the Motion to Recuse are overruled. First, 28 U.S.C. § 636(b) makes clear that a magistrate judge has no power to make a final determination in a habeas action, only a recommendation. This court is required by law to review, de novo, any objections to that recommendation. Therefore, recusal is unnecessary; if Johnson were correct, and Magistrate Judge Rapoport exhibited improper prejudice, on de novo review, this court would refuse to adopt the recommendation and grant the motion to recuse. Second, Magistrate Judge Rapoport correctly notes in his June R&R that Johnson has failed to produce evidence of "personal bias or prejudice," 28 U.S.C. § 144, such that Magistrate Judge Rapoport's "impartiality might be questioned." 28 U.S.C. § 455(a). Even if Johnson did make such a showing, a judge's disqualification is warranted only when the source of impartiality stems from a "significant extrajudicial source factor." See Liteky v. United States, 510 U.S. 540, 555 (1994). Johnson's allegations of unfair prejudice arise solely

from Magistrate Judge Rapoport's actions herein, not from an "extrajudicial source."

> Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves, (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (parenthetical omitted) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

Id. at 555.

Johnson's objections regarding his ineffective assistance of counsel claims are overruled. The objections fail to present any arguments not addressed in the original petition. As discussed in the June R&R, Burley's testimony was known to counsel, despite the Commonwealth's indication he would not be called as a witness at trial. (June R&R, 11.) Trial counsel objected when Burley was called and attempted to impeach Burley's testimony on cross-examination. (Id. at 8.) Counsel's failure to request a continuance, even if signalling deficient performance, did not prejudice Johnson. See Strickland v. Washington, 466 U.S. 668, 673 (1984). Having waived his right to a jury trial, Johnson was tried by Judge Jackson, who was familiar with Burley and well-equipped to make credibility determinations without the benefit of a continuance for defense counsel to gather more evidence, if existent, to impeach Burley.

Johnson's objections are overruled and the June R&R is approved and adopted.

It is **ORDERED** that:

    1. Petitioner's objections to the Report and Recommendation (Papers ## 30 & 31) are **OVERRULED**;

    2. The Report and Recommendation (Paper #29) is **APPROVED AND ADOPTED**;

    3. The Petition for Writ of Habeas Corpus is **DENIED AND**

**DISMISSED,** with prejudice;

4. A certificate of appealability is **DENIED;**

5. Judgment is **ENTERED** in favor of respondents and against petitioner, Troy Johnson; and,

6.  The Clerk is directed to mark this case **CLOSED.**

_____<br>S.J.